**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik,<br><br>             Plaintiff,<br><br>v.<br><br>Little America Hotels & Resorts Incorporated,<br><br>             Defendant. | No. CV-21-08181-PCT-DLR<br><br>**ORDER** |

On August 13, 2021, Defendant removed this case from the Coconino County Superior Court, alleging federal jurisdiction under 28 U.S.C. § 1441(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000. (Doc. 1.) Plaintiff moves to remand. (Doc. 9.) He does not dispute that the parties are citizens of different states, but he argues that the amount in controversy does not exceed $75,000 because he seeks only nominal compensatory damages. The amount in controversy, however, "includes, *inter alia*, damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016). Here, in addition to nominal compensatory damages, the operative complaint seeks an injunction ordering Defendant "to alter [its] place of public accommodation to make it readily accessible to and useable by ALL individuals with disabilities," and "to engage in a corrective informational campaign to all its former, current and potential guests advising

them of true facts[.]"  (Doc. 1-6 at 19, 21.)  Plaintiff also seeks an award of punitive damages.  (*Id.* at 19-22.)  Given the litany of accessibility and usability barriers alleged in the complaint, the Court is satisfied that the cost of complying with Plaintiff's requested injunction, along with any potential punitive damages award, pushes the amount at stake in this case over the $75,000 threshold.

**IT IS ORDERED** that Plaintiff's motion to remand (Doc. 9) is **DENIED**.

Dated this 8th day of October, 2021.

Douglas L. Rayes
United States District Judge